# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DETLEF F. HARTMANN, | ) |
| Petitioner, | ) ) ) |
| v. | ) C.A. No. 25-1052 (GBW) ) |
| BERYL B. NYAMBURI and THE STATE OF DELAWARE, | ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM ORDER

At Wilmington, this <u>14th</u> day of October 2025:

On August 21, 2025, Petitioner Detlef F. Hartmann filed a Petition for Writ of Mandamus requesting the Court to compel Respondents[1] "to articulate adequate reasons, findings of fact, and conclusions of law for the denial of Petitioner's Motion for Informal Paupers [sic] Status." (D.I. 1)

Federal district courts have jurisdiction "of any action in the nature of mandamus to compel an officer or employee ***of the United States or any agency thereof*** to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).

---

[1] Petitioner named Beryl B. Nyamburi as a Respondent but erroneously identified him as a Justice of the Delaware Supreme Court. It is unclear if Petitioner is attempting to name a Delaware Supreme Court Justice or Mr. Nyamburi, who is listed as a Senior Court Clerk on Delaware Supreme Court letterhead included in the Appendix. (D.I. 1-1 at 2, 35) Regardless, that distinction does not alter the Court's decision.

The Court does not have jurisdiction to issue a writ of mandamus compelling action by state courts or officials. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963); *see also In re Whiteford*, No. 13-1351, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013) (providing principles of comity and federalism ensure federal court may not issue writ of mandamus to compel state court to exercise a jurisdiction entrusted to it).

Petitioner asks the Court to order a Delaware state court official to explain the denial of his motion to proceed *in forma pauperis*. Petitioner does not allege that any federal officer, employee, or agency failed to perform a duty owed to him. Therefore, the Court does not have jurisdiction to grant Petitioner's request.

To the extent that Petitioner seeks to assert federal civil rights claims independent of his petition for writ of mandamus, these claims fail, and amendment is futile, because Respondent is immune from suit. Eleventh Amendment sovereign immunity and judicial immunity extend to Respondent while acting in his official capacity on behalf of the Delaware Supreme Court. *See, e.g., D'Alessandro v. Delaware*, 2006 WL 560130, at *2-3 (D. Del. Mar. 7, 2006) (dismissing federal civil rights claims against Delaware Supreme Court and its officers acting in their official capacity based on sovereign immunity and judicial immunity).

WHEREFORE, **IT IS HEREBY ORDERED** that:

1. Petitioner Detlef F. Hartmann's Petition for Writ of Mandamus (D.I. 1) is **DENIED** for lack of jurisdiction.

2. The Clerk of Court is directed to close this case.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE